IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DAN SCHILLING, )
        Plaintiff, )
)
v. ) No. CIV-13-
)
LINN ENERGY, INC., a/k/a LINN ) Age discrimination
OPERATING, ) ARISING IN OKLA CNTY
) Jury Trial Demanded
        Defendant. ) Attorney Lien Claimed

## COMPLAINT

**COMES NOW THE PLAINTIFF** and alleges that:

### PARTIES

1. Dan Schilling is an adult male over fifty years of age residing in Oklahoma County, Oklahoma.

2. The Defendant is Linn Energy, Inc., a/k/a Linn Operating, a business entity operating in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. This is a cause of action for discrimination based on age as prohibited by federal and state laws including 29 U.S.C. § 626(c) and 25 O.S. §§ 1101, et seq. Jurisdiction is proper in this Court under 29 U.S.C. § 626(c), 28 U.S.C. §1331 and 28 U.S.C. §1367(a).

4. All the actions herein occurred in Oklahoma County and the Defendant may be served in Oklahoma. Oklahoma County is located in the Western District for the United States District Courts for Oklahoma such that venue is proper in this Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f).

### STATEMENT OF FACTS

5. Plaintiff was initially hired on or about May 27, 2008, and was terminated by the Defendant on or about April 23, 2013.

1

6. The Defendant has employed more than twenty (20) employees in more than twenty (20) weeks of calendar years 2012 and 2013 and is a covered employer under the ADEA.

7. At the time of his termination, the Plaintiff was over fifty (50) years old.

8. Plaintiff held the qualifications required for his job position and was performing in a satisfactory manner.

9. Plaintiff was involuntarily terminated from his job position.

10. Plaintiff was replaced in his job title and duties by persons who significantly younger than the Plaintiff and believed to be more than ten (10) years younger than the Plaintiff.

11. At the time of Plaintiff's termination, Plaintiff was approximately one month shy of qualifying for retirement under the Defendant's retirement plan.

12. The reason initially given for Plaintiff's termination was not pressure testing a line which failed. This reason was pretextual in that the line had been pressure tested by a separate department over which Plaintiff had no control and Defendant refused to act on Plaintiff's recommendation for correction of the problems that had been experienced in this line.

13. Plaintiff's age was a determining factor under state and federal law in deciding to terminate the Plaintiff.

14. Another determining factor in the decision to terminate the Plaintiff was an intention to interfere with the Plaintiff accruing retirement benefits. Such fact is, inter alia, a violation of Oklahoma's public policy precluding termination to interfere with or deny accrued rights.

15. As the direct result of Defendant's action Plaintiff suffered lost earnings, past, present and future, lost benefits including lost retirement benefits, dignitary harms and other compensable losses for which Plaintiff is entitled to monetary

relief.

16. Because the actions of the Defendant were in willful violation of the Age Discrimination in Employment Act, Plaintiff is entitled to liquidated damages in an amount equal to his wage and benefit loss from termination through the date of trial.

17. Because the actions of the Defendant in terminating the Plaintiff to avoid accrual of his pension benefits were willful, deliberate, malicious or, at the least, in reckless violation of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages.

18. The damage limitations under the OADA constitute a special law in violation of Oklahoma's state constitutional limitations on special laws such that the damage cap must be declared invalid. The Plaintiff is, as a matter of state law, entitled to recover normal tort damages including earnings loss, past, present and future as well as compensation for the dignitary harms suffered including embarrassment, worry and distress among other unpleasant emotions.

## PRAYER

**WHEREFORE,** Plaintiff prays that he be awarded his actual, liquidated and/or punitive damages together with costs, pre- and postjudgment interest and attorney's fees and any other relief, legal and equitable, as may be appropriate.

Respectfully submitted this 10th day of FEBUARY 2014.

s/Mark Hammons
**HAMMONS, GOWENS, HURST AND ASSOCIATES**
**MARK HAMMONS OBA # 3784**
**325 DEAN A. McGEE**
**OKLAHOMA CITY, OK 73102**
(405) 235-6100
FAX: (405) 235-6111
Email: Mark@hammonslaw.com
**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**